**In re James Leslie ADKINS and Tina Marie Adkins, Debtors.**

No. 10–44214.

United States Bankruptcy Court, N.D. Ohio.

Aug. 10, 2012.

Robert A Ciotola, Canfield, OH, for Debtors.

Michael A Gallo, Youngstown, OH, for Trustee.

**ORDER DENYING FIFTH THIRD MORTGAGE COMPANY'S MOTION TO BE EXCUSED FROM FILING A NOTICE OF PAYMENT CHANGE PURSUANT TO FRBP 3002.1(b)**

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Fifth Third Mortgage Company's Motion to be

Excused from Filing a Notice of Payment Change Pursuant to FRBP 3002.1(b) ("Motion to Excuse Notice") (Doc. # 36) filed by Fifth Third Mortgage Company ("Fifth Third") on June 27, 2012.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general orders of reference (General Order Nos. 84 and 2012–7) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

Fifth Third holds a second mortgage on the residence of Debtors James Leslie Adkins and Tina Marie Adkins ("Debtors") based on a Note (defined by Fifth Third as the "HELOC"), which Fifth Third represents is attached as Exhibit A to the Motion to Excuse Notice.[1]

Fifth Third states that "[u]nder the terms of the HELOC, the required payments are only in the amount of the finance charges from the outstanding balance for the prior billing period" and that the "agreement matures and the outstanding balance is due in 2026." (Mot. to Excuse Notice at 1.)

On November 10, 2010 ("Petition Date"), the Debtors filed (i) a voluntary petition pursuant to chapter 13 of the Bankruptcy Code; and (ii) Chapter 13 Plan (Doc. # 2), which provided for the treatment of two claims held by Fifth Third in Article 2E. Fifth Third contends that, as of the Petition Date, "there were arrearages on

[Fifth Third's] claim which were subject to being cured pursuant to 11 USC 1322(b)(5)." (*Id.* at 1–2.) The Debtors' Chapter 13 Plan was confirmed pursuant to Confirmation Order (Doc. # 29) entered on June 24, 2011.

Fifth Third seeks an order from this Court excusing it from the requirements of Federal Rule of Bankruptcy Procedure 3002.1(b) in this case. Fifth Third concedes that the provisions of Rule 3002.1(b) apply, but argues:

> The HELOC is an open ended revolving credit line. Its principal amount can change if there are draws on the credit line or if the Debtor [ sic] pays an amount over and above the finance charges.
>
> * * *
>
> .... The payment amounts can, and typically do, vary from month to month.
>
> Furthermore, the 21 day notice requirement, coupled with the monthly payments under the terms of the HELOC make it virtually impossible for Fifth Third to comply with [Rule 3002.1(b) ].

(*Id.* at 2.)

As Fifth Third concedes, there is no question that the terms of Rule 3002.1(b) apply to its claim. (*Id.*) ("Accordingly, the provisions of Subsection (b) [of Rule 3002.1] apply.") Fifth Third admits, "The HELOC in this case is secured by the Debtors' principal residence and is provided for under § 1322(b)(5)." (*Id.*) Rule 3002.1 provides, in pertinent part:

> (a) In General. This rule applies in a chapter 13 case to claims that are (1)

---

1. The Court assumes that HELOC stands for Home Equity Line of Credit even though the term is not defined in the Motion to Excuse Notice. Contrary to the representations in the Motion, the Note attached as Exhibit A provides for the Debtors to pay Fifth Third $167,600.00 at an interest rate of 6.750% in monthly installments of $1,087.05 beginning August 1, 2009, for thirty years (until July 1, 2039). It does not appear that Exhibit A is the Note to which Fifth Third refers in its Motion.

secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.

(b) Notice of Payment Changes. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

FED. R. BANKR.P. 3002.1(a)-(b) (West 2012). Despite acknowledging the applicability of Rule 3002.1(b) to its secured claim, Fifth Third asks to be "excus[ed]" from compliance with the Rule because it argues that compliance is "virtually impossible." (Mot. to Excuse Notice at 1–2.)

■ The Court will accept Fifth Third's representations concerning the HELOC as true and accurate despite lack of support for such representations in the Note attached to the Motion. Based on such representations, the Court sympathizes with Fifth Third and the difficulty that compliance with Rule 3002.1(b) presents under these circumstances.[2] Despite such sympathy, however, this Court does not believe that it can excuse compliance with Rule 3002.1.

■ Federal Rule of Bankruptcy Procedure 1001 provides, "The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code.... These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceed-

ing." FED. R. BANKR.P. 1001 (West 2012). Application of the Federal Rules of Bankruptcy Procedure is mandatory in "every case and proceeding." *Id.* This Court has found no provision for excusing compliance with a Bankruptcy Rule.

■ The Bankruptcy Rules require certain acts within prescribed time frames. When a court has discretion to extend time or excuse performance, the Bankruptcy Rules so provide. To that end, the phrase "unless the court orders otherwise" appears in the following Bankruptcy Rules: 1004.2, 1007(a)(3), 1007(a)(4), 1007(b)(1), 1007(c), 1019(5)(C), 1021(a), 2002(a)(1), 2002(g)(3), 2003(b)(3), 2015.1(a), 2015.1(b), 2015.2, 2015.3(f), 2019(b)(2), 3006, 3015(g), 3019(b), 3020(e), 4001(a)(3), 6004(h), 6006(d), 8011(c), 9006(a)(3) and 9037(a). In contrast, Bankruptcy Rule 3002.1 has no such discretionary language. Instead, Rule 3002.1 provides, in subsection (a), that it "applies" to "claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan" and, in subsection (b), that the holder of the claim "shall file and serve" the required notice. FED. R. BANKR.P. 3002.1(a)-(b).

Fifth Third cites three examples that it characterizes as "exemptions from strict compliance," but such examples are not exemptions from compliance with Bankruptcy Rule 3002.1. (Mot. to Excuse Notice at 3.) As Fifth Third notes, "Other Bankruptcy Courts that had notice of payment change requirements *prior to the adoption of 3002.1* have recognized the

**2.** Before Rule 3002.1 became effective, there was a public comment period during which Fifth Third could have: (i) raised the difficulty of complying with the proposed rule under this type of situation; and/or (ii) suggested/requested that proposed Rule 3002.1 except revolving lines of credit from the notice require-

ments. This Court has no knowledge if Fifth Third took advantage of the comment period to express its views or if such views were expressed, but rejected. In any event, the appropriate way for Fifth Third to obtain the relief it now seeks would be to have Rule 3002.1(b) amended.

unique burden on open end revolving credit lines secured by mortgages and have excused creditors with such claims from compliance with payment change notice requirements." (*Id.* at 3 (emphasis added).) Each of the local bankruptcy rules and standing orders cited by Fifth Third harkens back to 2009 and pre-dates adoption of Bankruptcy Rule 3002.1, which became effective on December 1, 2011. As such, these examples do not and cannot serve as examples of exemption from strict compliance with Rule 3002.1 because that Rule was not then in effect. Exhibit C to the Motion to Excuse Notice is General Order Adopting Supplemental Chapter 13 Plan Provisions Requiring: (1) Supporting Information Concerning Proof of Claim and (2) Disclosure and Adjudication of Postpetition Mortgage Charges Pending Amendment of the Federal Rules of Bankruptcy Procedure. As the name explicitly states, this General Order, which is dated May 21, 2009, provided a stop-gap procedure until adoption of "uniform national procedures ... currently pending pursuant to proposals to amend Fed. R. Bankr.P. 3001(c) and to adopt a new Fed. R. Bankr.P. 3002.1." (*Id.,* Ex. C at 1.) Once the uniform national procedures became effective, the General Order would no longer be needed or in effect.

There is no reason to assume that any of the examples attached as Exhibits to the Motion to Excuse Notice are still in effect after the effective date of Bankruptcy Rule 3002.1—*i.e.,* December 1, 2011. Even if any of the orders or local rules is still in effect, such order or rule provides no basis for this Court to excuse one creditor's compliance with Bankruptcy Rule 3002.1 in a single bankruptcy case. This is especially true where, as here, Fifth Third acknowledges the applicability of the Bankruptcy Rule.

Because of the mandatory application of Bankruptcy Rule 3002.1 to Fifth Third's claim, this Court does not believe it has the authority to "excuse" Fifth Third's compliance with the Rule. For the reasons set forth above, this Court hereby denies the Motion to Excuse Notice.