To prevail in a civil contempt proceeding, a plaintiff must prove that the defendant " 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " Liberte Capital Group, LLC v. Capwill , 462 F.3d 543, 550 (6th Cir. 2006) (quoting Glover v. Johnson , 934 F.2d 703, 707 (6th Cir. 1991) ). In the context of the discharge injunction, this means that the debtor must demonstrate that the defendant (i) violated the discharge injunction (and thus the order granting the discharge) and (ii) did so with knowledge that the injunction was in place. See In re Franks , 363 B.R. 839, 843 (Bankr. N.D. Ohio 2006). The plaintiff bears the burden of proving both elements-violation and knowledge-by clear and convincing evidence. See Liberte Capital Group , 462 F.3d at 550. Although some courts have held that constructive knowledge can give rise to contempt,[4] other courts, including the Sixth Circuit, have required actual knowledge. See Newman v. Ethridge (In re Newman) , 803 F.2d 721 (table), 1986 WL 17762 at *1 (6th Cir. 1986) ("Notice of the bankruptcy need not be formal; the court is to look to whether the creditor had actual knowledge."); Franks , 363 B.R. at 843.
1. Violations of the Discharge Injunction
Plaintiff complains of several actions by Defendant, asserting that they constitute violations of the discharge injunction.
*713 a. December 2013 Mortgage Loan Statement
Defendant violated the discharge injunction when it sent the December 2013 Mortgage Loan statement to Plaintiff. Sending mortgage statements to a debtor after she has received a discharge in bankruptcy violates the discharge injunction as an attempt to collect a debt when "the statements provide the amount of the payment and when it is due, a late charge if the payment is not received by a certain date, and the past due amount." Brown v. Bank of Am. (In re Brown) , 481 B.R. 351, 361 (Bankr. W.D. Pa. 2012). The Mortgage Order, entered by the Court on June 20, 2013, deemed Plaintiff's Mortgage Loan current through May 2013 and specifically provided in part as follows:
(a) All pre-petition arrearage claims of [Nationstar Mortgage] have been paid in full through the confirmed Chapter 13 Plan;
(b) All regular, post-petition mortgage payments have been made by the Trustee through [May 2013] as per the motion, and all such "conduit" payments are hereby deemed to have been made on a timely basis;
(c) The mortgage obligation to [Nationstar Mortgage] is hereby deemed current as of [May 2013]; and
(d) [Nationstar Mortgage] shall adjust its loan balance to reflect the balance delineated in the original amortization schedule as of [May 2013]. Any amounts in excess of that balance, including any alleged arrearage, costs, fees or interest are hereby discharged pursuant to 11 U.S.C. § 1328.
On June 21, 2013, the Court entered an order granting Plaintiff a discharge under 11 U.S.C. § 1328(a). Plaintiff made his monthly mortgage payment for the Mortgage Loan for the months of June 2013 through December 2013.[5] Despite the fact that Plaintiff continued to make his monthly mortgage payments to Defendant for each month after the Mortgage Loan was deemed current, Defendant continued to send letters and mortgage statements to Plaintiff indicating the Mortgage Loan was delinquent. Plaintiff's December 2013 Mortgage Loan statement indicated amounts due for the following items: (1) monthly mortgage payment in the amount of $936.29; (2) past due payments in the amount of $2,821.74; (3) lender paid expenses in the amount of $4,137.01; (4) unapplied funds balance in the amount of $994.76; and the total amount due of $6,900.28. The mortgage statement also indicated there was an additional fee if the payment was not received by a date certain (i.e., January 11, 2014). Defendant provides no explanation in its Response as to why the December 2013 mortgage statement indicated the total amount due was $6,900.28 even after Plaintiff made all the monthly mortgage payments after entry of the Mortgage Order.[6] The Court can draw *714 no conclusion but that the December 2013 Mortgage Loan statement was an attempt to collect discharged debt and violated the discharge injunction.
b. December 23, 2013 Telephone Conversation
Plaintiff also complains that Defendant attempted to collect $11,787.32 on December 23, 2013 when a representative informed Plaintiff by telephone that this amount constituted back payments and delinquent fees. Defendant counters by indicating it was Plaintiff that initiated the telephone call to Defendant to obtain information regarding his account. Defendant argues that it advised Plaintiff of the status of his account, and once Plaintiff indicated he disagreed with the information Defendant provided, it noted Plaintiff's payment dispute and created a research ticket regarding same. Each party supported its version of the facts with affidavit testimony, therefore, whether this communication between Plaintiff and Defendant was an attempt to collect a debt or was merely a communication meant to only provide information constitutes a genuine dispute of fact. Accordingly, this Court cannot determine for purposes of summary judgment whether this communication violated the discharge injunction based on the record before it.
c. December 27, 2013 Telephone Conversation
Plaintiff alleges that shortly after the above referenced telephone conversation occurred, on December 27, 2013, Defendant contacted Plaintiff again by telephone and demanded that he pay an additional monthly payment plus $4,137.01 in lender fees. Defendant disputes this, and instead contends that it initiated a telephone call to Plaintiff in response to his previously submitted research request. Defendant further alleges that the initial telephone call was disconnected, and it was Plaintiff that called Defendant back to discuss Plaintiff's payment dispute. Defendant asserts that it advised Plaintiff to send copies of his checks to the research department as evidence of payment. Each party supported its version of the facts with affidavit testimony. Therefore, similar to the previously discussed telephone call made on December 23, 2013, whether the telephone conversation on December 27, 2013 was an attempt to collect a debt or was merely a communication meant to only provide information constitutes a genuine dispute of fact. Accordingly, this Court cannot determine for summary judgment, whether this communication violated the discharge injunction based on the record before it.
d. Letter dated January 2, 2014
Plaintiff received a letter dated January 2, 2014 from Defendant advising that the Chapter 13 Bankruptcy status on Plaintiff's account had been updated to reflect Debtor's discharge. The same letter also explained that the monthly payment amount would be increasing based on Defendant's escrow analysis. And finally, the letter advised Plaintiff that his account was approximately two payments delinquent and was due for December 1, 2013 (a date post-discharge and post Chapter 13). This letter, though it advised of the new monthly payment amount and that the account was delinquent, it did not indicate a late fee would be charged if the payment was not received by a certain date nor did it indicate what the past due amount was. Thus, the Court finds that this letter was not an attempt to collect a discharged debt *715 but instead was provided for informational purposes only.
e. Letter dated January 13, 2014
In contrast, however, the letter dated January 13, 2014, that Defendant sent to Plaintiff was an attempt to collect a debt in violation of the discharge injunction. That letter advised Plaintiff that he had not made payments on the Mortgage Loan since December 1, 2013, and the failure to make the payments was a default under the terms of the Mortgage Loan. The letter specified a past due amount of $3,580.16,[7] and in order to cure the default, Plaintiff had to pay the total past due amount plus any other amounts that would come due. The letter provided a date certain by which the past due amount must be received in order to cure the default. The letter further described how Plaintiff could make the payment and what to expect when calling Defendant on the telephone to do so. The letter advised that Defendant was not obligated to accept less than the full amount owed. The letter informed Plaintiff of the ramifications if the default was not cured (i.e., acceleration of the debt, foreclosure and sale of the property). And finally, the letter instructed Plaintiff that the default and any legal action that resulted from the default may be reported by Defendant to one or more local and national credit reporting agencies. The Court notes that this letter did contain a disclaimer that stated if the account holder had received a discharge in bankruptcy, the letter is not an attempt to collect a debt from the account holder personally, but was provided for informational purposes. This disclaimer, however, does not neutralize the remaining provisions of the letter that were designed to encourage if not coerce payment from Plaintiff. See In re Bruce , 2000 WL 35934238, at *, 2000 Bankr. LEXIS 2210, at *7 (Bankr. M.D.N.C. 2000) (finding that the disclaimer language in the mortgage statement was insufficient to negate the demand for payment). In the instant case, the letter sent by Defendant clearly emphasized the consequences if Plaintiff did not cure the default and required action by Plaintiff to retain his property. The disclaimer language in the letter is not sufficient to overcome the payment demand. Therefore, the Court finds this letter was an attempt to collect a discharged debt in violation of the discharge injunction.[8]
f. Letter dated August 13, 2014
Plaintiff received a letter dated August 13, 2014 from Defendant that acknowledged receipt of Plaintiff's payment in the amount of $993.10 and indicated that the total amount required to bring Plaintiff's *716 loan account current was $3,972.40.[9] Plaintiff asserts that he was current with his mortgage payments to Defendant through July 2014, but when he attempted to make his mortgage payment in August 2014, it was returned with the letter. In the Motion, Plaintiff provided evidence of same. Defendant did not, however, refute this assertion nor provide any evidence to the contrary in the Response. Therefore, the Court can only conclude that Plaintiff was current on his mortgage payments when the letter dated August 13, 2014 was sent to him. And it follows, therefore, that the $3,972.40 must have included fees and costs that were discharged in the bankruptcy case. Accordingly, the Court finds that this letter was an attempt to collect a discharged debt in violation of the discharge injunction.
g. August 2014 telephone conversation
Plaintiff also alleges that he received a telephone call from Defendant in August 2014 informing him that he needed to pay $8,109.41 to bring his mortgage loan current. As previously discussed, Plaintiff was current with his mortgage loan payments as of August 2014, and the Defendant neither disputed this nor provided evidence to the contrary in the Response. For the same reasons as stated above, the Court can only conclude that the request for Plaintiff to pay $8,109.41 must have included fees and costs that were discharged in Plaintiff's bankruptcy case. Therefore, the Court finds that the August 2014 telephone conversation was an attempt to collect a discharged debt in violation of the discharge injunction.
Having demonstrated by clear and convincing evidence that Defendant attempted to collect a discharged debt in violation of the discharge injunction, Plaintiff must also prove that Defendant did so with knowledge that the injunction was in place.
2. Knowledge of the Discharge Injunction
Defendant was an active participant in Plaintiff's Chapter 13 proceeding, and as a result, had actual knowledge of the discharge injunction when it sent the letters and mortgage statement to Plaintiff. See In re Martinez , 561 B.R. 132, 168 (Bankr. D. Nev. 2016) (determining that the creditor knew that the discharge injunction applied based on its level of activity in the case in addition to receiving a copy of the discharge order); see also Gunter v. Kevin O'Brien & Assocs. Co. LPA (In re Gunter) , 389 B.R. 67, 73 n.6 (Bankr. S.D. Ohio 2008) (intimating that actual knowledge can be established using the "mailbox rule" which provides that a presumption of receipt arises upon proof that the item was addressed properly, had sufficient postage, and was deposited in the mail). In this case, Defendant asserts that it never received a copy of the Mortgage Order or the Discharge Order. Notwithstanding, Defendant was scheduled as a secured creditor in Plaintiff's Chapter 13 case which was filed on November 7, 2008. Only seven days after Plaintiff filed his bankruptcy case, attorneys for Defendant, Joe M. Lozano, Jr. and Tyler Jones, filed a Request for Service of Notice (Doc. 17) requesting that all notices be mailed to Defendant at the following address: P.O. Box 829009, Dallas, Texas 75382-9009 (the "Noticing Address"). On March 18, 2009, Defendant filed a proof of claim (the "POC") and again indicated it wanted to be served documents at the Noticing Address. According to the record in this case, both the Mortgage Order and the Discharge *717 Order were mailed to Defendant at the Noticing Address. The entity responsible for serving bankruptcy court documents, the Bankruptcy Noticing Center (the "BNC"), filed certificates of notice (Docs. 84 and 85) on June 22 and 23, 2013, declaring under penalty of perjury that both the orders were mailed to Defendant at the Noticing Address. Accordingly, it is presumed that Defendant received both orders and thus had actual knowledge of them.
In addition to receiving a copy of the orders, Defendant acknowledges that on July 17, 2013, Plaintiff called Defendant and advised that he had received his discharge in bankruptcy. Moreover, the letter dated January 2, 2014, that Defendant mailed to Plaintiff specifically stated that it had updated Plaintiff's account file to reflect the discharge! Defendant attempted to collect a debt even after both of these events.
IV. Conclusion
For the foregoing reasons, the Court finds that Defendant (i) violated the discharge injunction (and thus the order granting the discharge) when it sent the December 2013 Mortgage Loan statement, the letter dated January 13, 2014, the letter dated August 13, 2014 and made the August 2014 telephone call to Plaintiff and (ii) did so with knowledge that the injunction was in place. The Court will determine whether the December 23, 2013 and December 27, 2013 phone calls and the letters dated February 7, 2014 and February 20, 2014 were violations of the discharge injunction in addition to the damages at a separately scheduled hearing on the matter. Therefore, it is
ORDERED AND ADJUDGED that Plaintiff Terry Lee Forson's Motion for Summary Judgment (Doc. 52) is GRANTED. A separate partial final judgment will be entered in accordance with the foregoing.
IT IS SO ORDERED .

See Cultrera v. People's Bank (In re Cultrera) , 360 B.R. 28, 31 (Bankr. D. Conn. 2007).

In the Motion, Plaintiff provided evidence of same. Defendant did not refute this assertion nor provide any evidence to the contrary in the Response.

Defendant posits that upon its receipt of the Court order dismissing the joint debtor, Tamara Ann Forson, from this Chapter 13 case, it removed the bankruptcy flag from Plaintiff's account which caused it to be moved from the bankruptcy department to general servicing. The order dismissing the joint debtor was entered by this Court on July 31, 2009. Defendant further indicates that Plaintiff's account was transferred back to its bankruptcy department on February 3, 2010. Even if the order dismissing joint debtor caused some confusion within Defendant's internal departments, it eventually must have reconciled Plaintiff's account because the Mortgage Loan was deemed current without objection by Defendant when the Mortgage Order was entered by the Court on June 20, 2013. This theory certainly does not excuse Defendant's violation of the automatic stay.

The past due amount necessarily included discharged debt because the Mortgage Loan was deemed current as of May 2013 after Plaintiff completed his Plan, and Plaintiff made all subsequent monthly payments through December 2013. According to Plaintiff's December 2013 Mortgage Loan statement, the monthly mortgage payment at that time was $936.29; so even if Plaintiff had missed a payment, or even two, at the time the January 13, 2014 letter was sent, the past due amount specified well exceeded one or two monthly mortgage payment amounts. Consequently, the Defendant must have been attempting to collect discharged debt.

In the Motion, Plaintiff mentions two other letters sent by Defendant, one dated February 7, 2014 and another dated February 20, 2014, that indicated Plaintiff's loan account was past due and delinquent in the amount of $5,951. Plaintiff's affidavit attached to the Motion, however, fails to attest to these facts. Accordingly, the record lacks sufficient evidence from which this Court can make a determination as to whether these two letters were an attempt to collect a discharged debt in violation of the discharge injunction.

Defendant advised in the same letter that it was returning the funds, however, because the amount of the payment received was insufficient to bring Plaintiff's loan account current.