C. Kathryn Preston, United States Bankruptcy Judge *449 I. INTRODUCTION
This matter is the latest development in the legal saga that began almost a decade ago when Rebecca J. Beiter ("Plaintiff") filed for protection under Chapter 13 of the Bankruptcy Code. Since that time, Plaintiff's Chapter 13 plan was confirmed, an order discharging her debts was entered, and her case was closed, only to be reopened for the purpose of filing a class action complaint (the "Complaint") against her home mortgage creditor, JP Morgan Chase Bank N.A. ("Defendant"). In the original Complaint, Plaintiff asked the Court to hold Defendant in contempt for violating the discharge injunction.
In the amended complaint (the "Amended Complaint") filed June 26, 2018, Plaintiff seeks to hold Defendant in contempt for violating not only the discharge injunction, but also the Order Granting Trustee's Motion to Deem Mortgage Current (Doc. # 64) (the "Deem Mortgage Current Order"), and sections 541 and 1306 of the Bankruptcy Code. In addition, she alleges that Defendant violated Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. Defendant filed a Motion to Dismiss First Amended Complaint (Doc. # 170) (the "Motion") on July 17, 2018. Defendant urges the Court to dismiss each count of the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]
Plaintiff filed her Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 175) (the "Response") on August 7, 2018. Defendant filed a Reply Memorandum in Support of its Motion to Dismiss First Amended Complaint (Doc. # 176) (the "Reply") on August 14, 2018. The Court, having considered the record and the arguments of the parties, issues the following opinion and order granting the Motion with respect to Count One but denying the Motion with respect to the remaining claims.
II. JURISDICTION
The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05-02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. See also Beiter v. Chase Home Finance, LLC (In re Beiter) , 554 B.R. 433, 439-40 (Bankr. S.D. Ohio 2016) ("A contempt proceeding resulting from a violation of an order or injunction may only be maintained in the court that issued the order or injunction that was violated.").
III. BACKGROUND
The Amended Complaint alleges the following facts: On or around May 25, 2004, Plaintiff executed a note and mortgage *450 (the "Mortgage Loan") with Defendant. On February 13, 2009, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiff's Chapter 13 plan was confirmed on April 28, 2009, and pursuant to the confirmed plan, payments on the Mortgage Loan were made by "conduit" through the Chapter 13 Trustee. In 2011, Defendant admittedly misapplied five of Plaintiff's payments, which resulted in significant errors to her Mortgage Loan account. Defendant also "increased Plaintiff's monthly mortgage payment without notifying the Court or obtaining permission" in January, 2014. (Am. Compl. ¶ 45, ECF No. 162).
On March 13, 2014, after completion of the plan and upon motion of the Trustee, the Court entered the Deem Mortgage Current Order. The Deem Mortgage Current Order directed Defendant to adjust the Mortgage Loan balance to reflect the balance delineated in the original amortization schedule as of February 2014. It further ordered that "[a]ny amounts in excess of that balance, including any alleged arrearages, costs, fees or interest" were discharged. (Am. Compl. ¶ 41, ECF No. 162). On March 13, 2014, the Court entered an order granting Plaintiff a discharge pursuant to 11 U.S.C. § 1328(a).
With the exception of one payment in July 2014-which Plaintiff eventually made-Plaintiff made all monthly mortgage payments after the Deem Mortgage Current Order and discharge were entered. Since her discharge, Plaintiff has received incorrect and inconsistent mortgage statements from Defendant every month that contained unexplained late fees and indicated Plaintiff is past due on payment of thousands of dollars on her Mortgage Loan despite having made all of her monthly payments. In October 2014, Plaintiff's bankruptcy attorney directly contacted Defendant to advise that Plaintiff had completed her Chapter 13 plan and received a discharge, and to request that her Mortgage Loan account be updated accordingly. As late as July 2015, Plaintiff's mortgage statements indicated that her Mortgage Loan account was still in "active bankruptcy" and not current, even though she had completed the plan and received her discharge.
On June 26, 2018, Plaintiff purportedly on behalf of herself and others similarly situated, filed the Amended Complaint. Plaintiff alleges that Defendant: (1) violated 11 U.S.C. §§ 541 and 1306 by accumulating funds in her suspense account without notifying her, the trustee, or the Court ("Count One"); (2) violated the discharge injunction imposed by 11 U.S.C. §§ 524 and 1328 by attempting to collect amounts that had been discharged through bankruptcy ("Count Two"); (3) violated the Court's Deem Mortgage Current Order by failing to review the original Mortgage Loan amortization schedule to ensure that the outstanding principal balance reflects the balance reflected on the original amortization schedule ("Count Three"); and (4) failed to comply with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure by changing her monthly mortgage payment during the Chapter 13 case without filing a payment change notice ("PCN") ("Count Four"). Plaintiff alleges that there is a sufficient number of other similarly situated debtors that experienced similar, if not the same, violations by Defendant such that a district-wide class (the "Class") and subclass (the "Deem Current Order Subclass") may be formed to seek redress for all of the other members as well.
IV. STANDARD OF REVIEW
"To survive a motion to dismiss, the plaintiff must allege facts that if accepted as true, are sufficient to state a claim to relief that is plausible on its face."
*451 Majestic Building Maint., Inc. v. Huntington Bancshares, Inc. , 864 F.3d 455, 458 (6th Cir. 2017) (citing Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft , 556 U.S. at 678, 129 S.Ct. 1937. When deciding a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. NCAA , 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).
V. DISCUSSION
A. Plaintiff's "Property of the Estate" Claim Must Be Dismissed
In Count One of the Amended Complaint, Plaintiff seeks to hold Defendant in contempt for violating 11 U.S.C. §§ 541 and 1306. Specifically, Plaintiff alleges that Defendant "misapplied 5 payments in 2011 that were correctly sent to the trustee by Plaintiff" which resulted in the accumulation by Defendant of $236.78 in Plaintiff's suspense account. (Am. Compl. ¶¶ 123, 124, ECF No. 162). Plaintiff alleges that the $236.78 was property of the estate and that Defendant failed to notify her, the Court, or the Trustee of the amount in the suspense account, in violation of sections 541 and 1306. Plaintiff asks for injunctive and declaratory relief, sanctions, disgorgement of any unlawful profits, and attorneys' fees. Defendant argues-and the Court agrees-that Count One fails to state a claim upon which relief can be granted.
Count One must be dismissed because Plaintiff fails to allege that Defendant violated a "definite" and "specific" court order. Section 105 authorizes bankruptcy courts to find a party in contempt for failure to comply with a court order or injunction. That section provides in relevant part:
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process.
11 U.S.C. § 105(a). Bankruptcy courts also have the inherent authority to punish contempt. Adell v. John Richards Homes Bldg. Co. L.L.C. (In re John Richards Homes Bldg. Co. L.L.C.) , 552 Fed. App'x. 401, 413-15 (6th Cir. 2013). To find a party in contempt, the movant must show that the other party violated a "definite" and "specific" court order requiring the party to perform or refrain from performing, or acted with knowledge of the court order. NLRB v. Cincinnati Bronze, Inc. , 829 F.2d 585, 591 (6th Cir. 1987) ; Gascho v. Global Fitness Holdings, LLC , 875 F.3d 795, 800 (6th Cir. 2017) ; Forson v. Nationstar Mortg., LLC (In re Forson) , 583 B.R. 704, 712 (Bankr. S.D. Ohio 2018) ; In re Nicole Gas Prod. , 502 B.R. 508, 510 (Bankr. S.D. Ohio 2013). "And that makes sense-after all it would be unfair for courts to hold a party in contempt unless that party was disobeying a clear and unequivocal *452 court command." Gascho , 875 F.3d at 800.
Sections 541 and 1306 simply delineate the scope of the bankruptcy estate. Understanding what constitutes property of the estate is important when determining whether property is subject to turnover or protected by the automatic stay. See 11 U.S.C. §§ 362, 542. But sections 541 and 1306 do not create an injunction or impose an affirmative obligation, the violation of which may serve as a basis for finding a party in contempt. Nor may the Court read such a provision into the Bankruptcy Code. United States v. Ron Pair Enter. Inc. , 489 U.S. 235, 241-42, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (explaining that when the language of a statute is plain, the courts must enforce it according to its terms); Mobil Oil Corp. v. Higginbotham , 436 U.S. 618, 625, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) ("There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted."); see also Law v. Siegel , 571 U.S. 415, 421, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014) (holding that bankruptcy courts cannot utilize their contempt powers under § 105(a) in a manner that is inconsistent with the Bankruptcy Code); Norwest Bank Worthington v. Ahlers , 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). Thus, Count One must be dismissed.
Even if Plaintiff alleged some other claim related to property of the estate, for example, that Defendant violated the automatic stay by misapplying payments and impermissibly holding the accumulated funds in the suspense account, such claim would also fail because the funds were not property of the estate once remitted to Defendant. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case" and "property that the debtor acquires" during the case and "earnings from services performed by the debtor" during the case. 11 U.S.C. §§ 541(a)(1), 1306(a). However, when a trustee distributes funds to a creditor pursuant to the terms of a confirmed plan, and the creditor then deposits the funds into its own internal accounts, the funds are no longer property of the estate. See , e.g. , Cano v. GMAC Mortg. Corp. (In re Cano) , 410 B.R. 506, 524-27 (Bankr. S.D. Tex. 2009) (dismissing plaintiffs' claim that mortgage lender violated the automatic stay because lender's internal allocation of funds from general account to individual account was not an act to obtain possession of property of the estate); see also 69 OHIO JUR. 3d MORTGAGES AND DEEDS OF TRUST § 198 (once mortgage payment is made, funds are no longer property of the payor, and application of mortgage payments are generally controlled by contract between the parties). Accordingly, Count One must be dismissed for failure to state a claim.
B. The Decision in Beiter is the "Law of the Case" as to Whether Plaintiff Must File a Motion to Assert Her Contempt Claims
Defendant, citing the Sixth Circuit's decision in Pertuso v. Ford Motor Credit Co. , 233 F.3d 417 (6th Cir. 2000), argues that Plaintiff's contempt claims must be brought as a motion in her bankruptcy case rather than through an adversary proceeding. The Court rejected this argument when Defendant moved to dismiss the original Complaint. Beiter , 554 B.R. at 440. Nevertheless, Defendant urges the Court to revisit the issue "in light of recent case law and the factual posture of this case." (Def.'s Mot. Dismiss *453 14, ECF No. 170). In the instant matter, Beiter is the law of the case with respect to whether Plaintiff must file a motion to assert her contempt claims.[2]
The "law of the case" doctrine stands for the proposition that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California , 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). The doctrine is discretionary when applied to a court's prior decisions in the same case. Bowles v. Russell , 432 F.3d 668, 677 (6th Cir. 2005). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." Christianson v. Colt Indus. Operating Corp. , 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal citation and quotation marks omitted). One of three "exceptional circumstances" must be present in order to deviate from the law of the case: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." Westside Mothers v. Olszewski , 454 F.3d 532, 538 (6th Cir. 2006) (citation omitted).
None of these exceptional circumstances are present. Defendant does not point to any new evidence alleged by Plaintiff that would warrant deviating from the decision in Beiter . Nor is there any new controlling legal authority. Defendant argues that "in the time since the parties briefed the motion to dismiss the original complaint, numerous other courts have weighed in on this issue, and the vast majority of courts recognize the distinction between an adversary proceeding and a contempt motion in the bankruptcy case." (Def.'s Mot. Dismiss 15, ECF No. 170). Indeed, Defendant cites numerous cases interpreting Pertuso as prohibiting a plaintiff from asserting class action contempt claims in an adversary proceeding. But none of the cases Defendant cites are binding on this Court.[3]
Finally, reconsideration of Beiter is not necessary to prevent manifest injustice.[4] Defendant posits that Plaintiff's motion for class certification "makes clear that she contemplates a scenario in which this Court will be required to formulate *454 individualized relief for each class member" and that "the individualized factual inquiry required to assess each of these claims is antithetical to class treatment of these claims." (Dec.'s Mot. Dismiss 15, 18, ECF No. 170). Thus, because application of class action certification rules is discretionary in contested matters, Defendant urges that whether this case is allowed to continue as an adversary proceeding is more than just a matter of form over substance. See FED. R. BANKR. P. 9014(c). The Court disagrees.
If Plaintiff had asserted her contempt claims by filing a motion in the underlying bankruptcy case, the Court would have allowed her to move for class certification because doing so would not cause any procedural or substantive harm to Defendant. See , e.g. , McNamee v. NationStar Mortg., LLC (In re McNamee) , No. 14-3027, 2014 WL 11022172, at *, 2014 Bankr. LEXIS 5412, at *15-17 (Bankr. S.D. Ohio Oct. 2, 2014) (noting that the court would have granted a request by plaintiff to apply Rule 23 class action procedures to a motion for contempt and sanctions and therefore no harm would be visited on the defendant by allowing the matter to continue as an adversary proceeding). Furthermore, it would be highly prejudicial to Plaintiff to reverse course at this stage of the case and require her to assert her contempt claims by motion-essentially starting this litigation over-because Beiter was decided over two years ago and the parties have already completed discovery. Therefore, the Motion will be denied and the Court will allow Plaintiff's case to continue as an adversary proceeding.
C. Plaintiff States a Plausible Contempt Claim for Violation of the Deem Mortgage Current Order
The Court now turns to Plaintiff's claim that Defendant violated the Deem Mortgage Current Order. The Deem Mortgage Current Order specifically directed Defendant to "adjust its loan balance to reflect the balance delineated in the original [Mortgage Loan] amortization schedule as of the Final Payment Date." (Am. Compl. ¶ 41, ECF No. 162). It further ordered that "[a]ny amounts in excess of that balance, including any alleged arrearages, costs, fees or interest" were discharged. (Id. ) Defendant suggests that the only harm Plaintiff could have suffered from Defendant's violation of the Deem Mortgage Current Order would have been from Defendant's attempts to collect amounts that had been discharged. Thus, Count Three "amounts to just another way of claiming that [Defendant] violated the discharge injunction, and Plaintiff should not be permitted to pursue separate claims seeking redundant relief." (Def.'s Mot. Dismiss 13, ECF No. 170). Defendant's argument misses the mark.
The "purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." United States v. Bayshore Associates, Inc. , 934 F.2d 1391, 1400 (6th Cir. 1991). And bankruptcy courts have the inherent authority to award compensatory damages and mild, noncompensatory, punitive sanctions for contempt. In re John Richards Homes Bldg. Co. L.L.C. , 552 Fed. App'x. at 413-15. In the instant case, Plaintiff is not pursuing a private cause of action; she is asking the Court to hold Defendant in contempt for violating a court order-i.e. the Deem Mortgage Current Order, which is separate from the discharge injunction. Plaintiff alleges that Defendant knowingly and/or willfully failed to comply with this Court's Deem Mortgage Current Order by failing to review her Mortgage Loan amortization schedule to ensure that the principal balance was changed to reflect the principal balance illustrated in the original *455 amortization schedule. (Am. Compl. ¶¶ 141, 147, ECF No. 162). Plaintiff asks for sanctions in the form of declaratory and injunctive relief, damages, disgorgement of unlawful profits, and attorneys' fees. Plaintiff has satisfied her burden under Rule 12(b)(6).
D. Plaintiff States a Plausible Claim for Violation of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure
One of the benefits afforded debtors who file for protection under Chapter 13 of the Bankruptcy Code is the opportunity to cure home mortgage defaults and maintain regular mortgage payments through the plan. 11 U.S.C. § 1322(b)(5). The ability to "cure and maintain" may allow a debtor to retain his or her home during bankruptcy-which a Chapter 7 debtor may otherwise be unable to do-provided the debtor stays current on Chapter 13 plan payments. Rule 3002.1 of the Federal Rules of Bankruptcy Procedure was adopted to "aid in the implementation" of section 1322(b)(5) by imposing certain notice requirements on home mortgage creditors. FED. R. BANKR. P. 3002.1 Advisory Committee Notes to 2011 Rule Adoption.
The rule applies in Chapter 13 cases to claims "(1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments ...." FED. R. BANKR. P. 3002.1(a). The rule provides in relevant part that "[t]he holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due." FED. R. BANKR. P. 3002.1(b). If the holder of a secured claim fails to provide such notice, "the court may, after notice and hearing," either prevent the creditor from presenting any omitted information into evidence or "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." FED. R. BANKR. P. 3002.1(i).[5]
Plaintiff alleges that Defendant changed her monthly mortgage payment in January 2014 without filing a PCN, which resulted in Defendant "overcharg[ing] Plaintiff's account by $69.81." (Am. Compl. ¶¶ 155, 157, ECF No. 162). She also alleges that Defendant "has a pattern and practice of changing a debtor's payment without filing the necessary notice pursuant to Federal Rule of Bankruptcy Procedure 3002.1(b)" and asks for an award of sanctions, punitive damages, and attorneys' fees. (Am. Compl. ¶¶ 154, 160, ECF No. 162). Defendant admits that it failed to file a PCN in January 2014, but argues that it was precluded from filing pursuant to the terms of a settlement agreement with the U.S. Department of Justice's United States Trustee Program. Defendant also argues that the Amended Complaint fails to allege facts that would warrant the relief Plaintiff requests. Both of Defendant's arguments fail.
Attached to the Amended Complaint is a copy of an order approving a settlement between Defendant and the United States Trustee Program ("Order Approving Settlement"), which was entered by the U.S. Bankruptcy Court for *456 the Eastern District of Michigan on March 9, 2015. The terms of the settlement required Defendant to change its policies with respect to the filing of PCNs. The settlement describes a "moratorium" on Defendant filing PCNs that began on November 19, 2013 and ended on October 31, 2014. The moratorium was in place at the time Defendant failed to file a PCN in Plaintiff's case. But it is not clear whether the Order Approving Settlement prohibited Defendant from filing PCNs during the moratorium because it appears that Defendant agreed to enter into the moratorium, voluntarily, prior to approval of the settlement by the Michigan bankruptcy court. See Saglioccolo v. Eagle Ins. Co. , 112 F.3d 226, 228 (6th Cir. 1997) (allegations capable of more than one inference must be construed in favor of the plaintiff). It is also not clear under what circumstances-if any -a court may excuse noncompliance with Rule 3002.1 because application of the Federal Rules of Bankruptcy Procedure is mandatory in "every case and proceeding." In re Adkins , 477 B.R. 71, 73 (Bankr. N.D. Ohio 2012) ("This Court has found no provision for excusing compliance with a Bankruptcy Rule."). Thus, it is not clear whether the Court can excuse Defendant's noncompliance with Rule 3002.1 based on the Order Approving Settlement. The issue need not be decided for now: when ruling on a Rule 12(b)(6) motion, the court is not concerned with whether the plaintiff will ultimately prevail, only whether the complaint states a cause of action that is plausible. See , e.g. , Stanziale v. Rite Way Meat Packers, Inc. (In re CFP Liquidating Estate) , 405 B.R. 694, 698 (Bankr. D. Del. 2009).
Next, Defendant points to Exhibit H, attached to the Amended Complaint, which shows that Defendant refunded $69.81 to Plaintiff's account in July 2015. Defendant argues that Plaintiff's claim should therefore be dismissed because she suffered no harm as a result of Defendant's failure to file a PCN. Again, the Court disagrees. While a lack of evidence of monetary harm is likely to be a significant barrier to sanctions ultimately being imposed against Defendant,[6] Rule 3002.1 plainly allows a court to award a debtor "other appropriate relief, including reasonable expenses and attorney's fees caused " by a mortgage holder's failure to file a PCN. FED. R. BANKR. P. 3002.1(i) (emphasis added).[7] Defendant admittedly failed to file a PCN during Plaintiff's bankruptcy case, which resulted in Defendant overcharging her account. Because the Amended Complaint states a plausible claim for violation of Rule 3002.1, and because Plaintiff asks not only for sanctions but also for attorneys' fees, Defendant's arguments fail.
VI. CONCLUSION
In accordance with the foregoing, it is hereby *457 ORDERED AND ADJUDGED that Defendant's Motion to Dismiss First Amended Complaint (Doc. # 170) is GRANTED in part and DENIED in part. Defendant's request that Count One of the Amended Complaint be dismissed for failure to state a claim is GRANTED . Defendant's request for dismissal of the remaining counts of the Amended Complaint is DENIED .
IT IS SO ORDERED.

Fed. R. Civ. P. 12 is applicable to adversary proceedings in bankruptcy court pursuant to Fed. R. Bankr. P. 7012.

Like the original Complaint, the Amended Complaint includes a claim that Defendant violated the discharge injunction under 11 U.S.C. §§ 524 and 1328 by attempting to collect certain fees and charges that were discharged through bankruptcy. In Beiter , this Court declined to dismiss this claim. Thus, Beiter is also the law of the case with respect to whether Plaintiff states a plausible contempt claim for violation of the discharge injunction.

And this Court does not read Pertuso so broadly. The takeaway from Pertuso is that there is no private right of action for violation of the discharge injunction. Because there is no such right, the plaintiffs in Pertuso were required to file contempt proceedings in the bankruptcy court-the court that issued the discharge injunction-instead of a "lawsuit such as this one"-i.e. a lawsuit in the district court. Pertuso , 233 F.3d at 421. However, the Sixth Circuit Court of Appeals did not hold that a plaintiff cannot file a contempt action in an adversary proceeding. In this case, unlike Pertuso , Plaintiff is not asserting a private right of action; instead, she filed an adversary proceeding in this Court, the same court that issued the discharge injunction, seeking to hold Defendant in contempt. Thus, Pertuso does not apply.

"Manifest Injustice is defined as 'an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.' " Volunteer Energy Servs. v. Option Energy, LLC , 579 Fed. Appx. 319, 331 (2014) (quoting Black's Law Dictionary 982 (8th Ed. 2004) ).

See also Fed. R. Bankr. P. 3002.1 Advisory Committee Notes to 2011 Rule Adoption (If the holder of a secured claim seeks to recover amounts that were not disclosed, the debtor "may move to have the case reopened in order to seek sanctions against the holder of the claim under subdivision (i).").

Any remedy sought under Rule 3002.1 must bear a "rational relationship" to the violation of the rule; a debtor cannot receive a windfall for a technical violation of the rule that caused no harm. In re Tollios , 491 B.R. 886, 892-93 (Bankr. N.D. Ill. 2013) (sanctions under Rule 3002.1 were not appropriate where the debtors suffered no harm).

A related issue-which the Court may decide at a later time, if necessary-is whether punitive sanctions may be imposed against Defendant for its alleged violation of Rule 3002.1. Plaintiff cites In re Gravel , 556 B.R. 561 (Bankr. D. Vt. 2016) for the proposition that a mortgage holder's failure to comply with Rule 3002.1 may warrant the imposition of punitive damages. But that case was explicitly overruled in PHH Mortg. Corp. v. Sensenich , No. 16-00257, 2017 WL 6999820, at *, 2017 U.S. Dist. LEXIS 207801, at *25 (D. Vt. Dec. 18, 2017). Counsel for Plaintiff are reminded to cite valid case law. See Prof. Cond. Rules 1.1, 3.3(a).